## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

ROBERT G. SMITH,                )          CASE NO. 5:16cv2128
                               )
                               )
              PLAINTIFF,        )          JUDGE SARA LIOI
                               )
vs.                            )
                               )          MEMORANDUM OPINION
                               )          AND ORDER OF REMAND
DAVID KLINE, et al,            )
                               )
                               )
              DEFENDANTS.       )

### I.  BACKGROUND

This is a removed *pro se* action. Plaintiff Robert G. Smith ("plaintiff") filed a complaint in the Summit County Court of Common Pleas against defendants John and Tracy Tucci (collectively, "the Tuccis"), the City of Tallmadge ("the City"), and the City's Mayor,  David Kline ("Kline"), who was the City's service director at the time of the pertinent events.

The action pertains to the Tucci's use of a sanitary sewer lateral plaintiff installed on a section of Beachler Road in Tallmadge, Ohio. Plaintiff alleges he purchased unimproved land on the road in 1999 and that, in order for the City to allow him to develop it, the City required him to improve the road to its specifications, including installing sanitary sewer laterals to all lots fronting the road. Plaintiff alleges that all property owners with platted lots at the time signed an agreement to pay him $180 per front foot of their

property for the improvements he made. He alleges the City accepted this agreement and agreed not to issue building permits, including a sanitary sewer permit, until plaintiff was paid. At the time, the property fronting Beachler Road, now known as 741 Beachler Road and owned by the Tuccis, was not platted but was part of a larger parcel that fronted Monroe Road. The owner of the larger parcel did not enter into an agreement to pay plaintiff. The city engineer allegedly assured plaintiff that the City would require payment to him before it issued any permit to build.

The Monroe Road property was, in fact, split with one of the resulting lots fronting Beachler Road. Plaintiff alleges the Tuccis purchased this lot in 2004 substantially under market value at a sheriff's sale. In 2006, the City issued the Tuccis a building permit, and allowed them to tie into the sanitary sewer line plaintiff owned, without any making payment to him. Plaintiff contends this violates Tallmadge City Ordinance 921.04, which provides that no application "to connect with any sewer constructed under private contract . . . shall be issued until the person making such application therefor has paid, or guaranteed the payment of his just share of the cost and expense of such sewer." In addition, plaintiff contends that Tallmadge City Ordinance 921.99 provides that any person who violates Ordinance 921.04 shall be guilty of a misdemeanor and contends the City should prosecute the Tuccis.

Plaintiff's complaint alleges four state law claims and one federal claim. Count 1 alleges a state-law claim against the Tuccis, the City, and Kline for "fraudulent transfer." (Doc. No. 1-1 (Complaint) ¶ 12.) Plaintiff alleges that the Tuccis "without payment to [him] tendered an application for sewer service knowing they had not paid . . . and in concert with the Service Director David Kline were fraudulently issued a permit in

violation of Tallmadge [C]odified [O]rdinances 921.04 and 921.99 and allowed to possess [plaintiff's] sewer lateral," and the City through its lawyers has refused to require the Tuccis to pay him or disconnect the Tucci's sewer service. (*Id.*)

Count 2 seeks an injunction against the City requiring that it to terminate the Tucci's sanitary services. (*Id.* ¶ 13.) Count 3 alleges the Tuccis have been unjustly enriched by the improvements plaintiff made to their property. (*Id.* ¶ 14.) Count 5 alleges a claim for theft against the Tuccis and Kline on the basis that the Tuccis "have knowingly taken property that belongs to [plaintiff] by obtaining a sewer permit in violation of Tallmadge Codified Ordinances in conjunction with David Kline." (*Id.* ¶ 16.)

Count 4 alleges a federal civil rights claim against Kline and the City pursuant to 42 U.S.C. § 1983. (*Id.* ¶ 15.) Plaintiff alleges Kline and the City have violated his constitutional due process rights by failing to enforce the City's ordinances against the Tuccis to his detriment. (*Id.*)

Defendants removed the action to federal court on the basis of plaintiff's § 1983 claim, and all of the defendants have moved to dismiss the counts of the complaint alleged against them pursuant to Fed. R. Civ. P. 12(b)(6), for a host of reasons. (*See* Doc. Nos. 4, 7.)

## II. STANDARD OF REVIEW

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state claim on which relief may be granted. To survive a dismissal, a "complaint must present 'enough facts to state claim to relief that is plausible on its face.'" *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

Although pleadings and documents filed by *pro se* litigants are generally "liberally construed" and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), even a *pro se* complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face to survive dismissal. *See Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011) (citations omitted). In determining a motion to dismiss for failure to state a claim, a court must presume that all factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Total Benefits*, 552 F.3d at 434.

### III. DISCUSSION

Upon review of the Complaint and the pending motions, the Court finds that plaintiff has failed to state a plausible federal civil rights claim under § 1983. To state a claim, a plaintiff must plead and prove that he was deprived of a right secured by the Constitution or laws of the United States by a person acting under color of state law. *Weberg v. Franks*, 229 F.3d 514, 522 (6th Cir. 2000) (citation omitted). In order to demonstrate a constitutional due process claim, a plaintiff must demonstrate he had a protectable life, liberty or property interest; that he was deprived of that interest; and that the state did not afford him adequate procedural rights prior to the deprivation. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999).

Even construing the factual allegations in the complaint in plaintiff's favor, he has not alleged a plausible due process deprivation. He alleges his due process rights have been violated because the City did not enforce Ordinances 921.04 and 921.99 against the Tuccis to his detriment. However, there is no "'constitutional, statutory, or common law right that

4

a private citizen has to require a public official to investigate or prosecute a crime.'" *White v. City of Toledo*, 217 F. Supp. 2d 838, 841–842 (N.D. Ohio 2002) (quoting *Doe v. Mayor & City Council of Pocomoke City*, 745 F. Supp. 1137, 1138 (D. Md. 1990); *see also Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992) ("A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act.") (citation omitted). In addition, a state has no federal due process obligation to follow all of its own procedural rules because "such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993) (citation omitted), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 116 S. Ct. 457, 133 L. Ed. 2d 383 (1995).

Thus, even if Ordinance 921.04 applied to the Tuccis, plaintiff cannot make out a plausible constitutional due process claim against the City and Kline under a theory that they failed to enforce the City's ordinances. For this reason, the Court agrees with defendants that plaintiff has not stated a viable federal claim under § 1983 and grants their motions to dismiss that claim pursuant to Fed. R. Civ. P. 12(b)(6). In the absence of a viable federal claim in the case, the Court declines to exercise supplemental jurisdiction over plaintiff's remaining state-law claims. *See Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–1255 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.").

## IV. CONCLUSION

Accordingly, for the foregoing reasons, the motion to dismiss filed by the City and Kline (Doc. No. 7) is granted with respect to plaintiff's § 1983 claim, and the remaining state law claims are remanded to the Summit County Court of Common Pleas.

**IT IS SO ORDERED**.

Dated: March 14, 2017

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**